**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION**

| | |
|---|---|
| OMORO CRUSOE,<br><br>          Movant,<br><br>vs.<br><br>UNITED STATES OF AMERICA. | No. C10-0002-LRR<br>No. CR05-0071-LRR<br><br>ORDER |

_____

This matter appears before the court on Omoro Crusoe's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (docket no. 1). Omoro Crusoe ("the movant") filed such motion on January 11, 2010. Also before the court is the movant's motion to amend (docket no. 2), filed September 29, 2010, supplement to his motion to amend (docket no. 3), filed October 31, 2011, motion to conduct an initial review (docket no. 4), filed January 19, 2012, and motion to appoint counsel (docket no. 5), filed January 20, 2012.

Because it appears that the movant has had ample time to fully present any arguments in support of his six ineffective assistance of counsel claims, the court deems it appropriate to review his pending motions. Accordingly, the movant's motion to conduct an initial review (docket no. 4) is granted.

Concerning the movant's motion to amend and supplement to his motion to amend, the movant's additional arguments sufficiently relate back to his original claims. *See United States v. Craycraft*, 167 F.3d 451, 457 (8th Cir. 1999) (concluding an otherwise untimely amendment to a 28 U.S.C. § 2255 motion does not relate back to a timely filed motion when the original claims are distinctly separate from the claims in the amendment);

*see also Mandacina v. United States*, 328 F.3d 995, 999-1000 (8th Cir. 2003) (citing *Craycraft*, 167 F.3d at 457); *Moore v. United States*, 173 F.3d 1131, 1135 (8th Cir. 1999) (discussing *Craycraft*, 167 F.3d at 456-57).  The movant originally asserted that: (1) counsel provided ineffective assistance because he failed to call a defense witness that would have purportedly established that the government's witness was only testifying in order to secure a more favorable sentence for his brother; (2) counsel provided ineffective assistance because he failed to establish that the government's witness provided perjured testimony; (3) counsel provided ineffective assistance because he failed to object to the government's admission of evidence and testimony that violated his Fifth Amendment and Sixth Amendment rights; (4) counsel provided ineffective assistance because he failed to recognize that the government's conduct constituted entrapment; (5) counsel provided ineffective assistance because he failed to maintain the movant's innocence; and (6) counsel provided ineffective assistance because he failed to object to the government's broadened superseding indictment after the court granted his motion for a new trial.  Because the additional arguments pertain to his constitutional right to confront the witnesses against him and relate to his third claim, it is appropriate for the court to consider them.  Accordingly, the movant's motion to amend (docket no. 2) is granted.

Having conducted its preliminary consideration of the movant's § 2255 motion pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, the court directs the government and the movant to respond in the following manner:

> 1. The government is directed to file a brief in response to the movant's § 2255 motion on or before May 14, 2012.[1]  The government may attach relevant exhibits to its brief.

---

[1] When responding, the government should consider all of the claims included in the original motion and the arguments and authority that the movant included in his motion to amend and supplement to his motion to amend.

2

> 2.  If he so chooses, the movant is directed to file a brief in reply to the government's response on or before May 31, 2012.

The movant raises at least one claim of ineffective assistance of counsel. A claim of ineffective assistance of counsel waives the attorney-client privilege as to communications with the attorney that are necessary to prove or disprove the claim. *See Tasby v. United States*, 504 F.2d 332, 336 (8th Cir. 1974) ("When a client calls into public question the competence of his attorney, the privilege is waived."); *see also United States v. Pinson*, 584 F.3d 972, 978 (10th Cir. 2009) (citing *Tasby*, 504 F.2d at 336); *United States v. Davis*, 583 F.3d 1081, 1090 (8th Cir. 2009) (making clear that attorney-client privilege cannot be used as both a sword and a shield); *In re Lott*, 424 F.3d 446, 453 (6th Cir. 2005) (citing *Tasby*, 504 F.2d at 336); *Bittaker v. Woodford*, 331 F.3d 715, 720 (9th Cir. 2003) (addressing scope of waiver); *United States v. Ballard*, 779 F.2d 287, 292 (5th Cir. 1986) (permitting an attorney to reveal otherwise privileged communications when defending himself against charges of improper conduct); *Schwimmer v. United States*, 232 F.2d 855, 863 (8th Cir. 1956) (indicating that waiver may be express or implied). Therefore, counsel whose representation is challenged is directed to file with the court an affidavit that responds only to the movant's specific allegation(s) of ineffective assistance of counsel. Such affidavit must contain all of the information that counsel reasonably believes is necessary to respond to the movant's specific allegation(s). In addition, counsel is directed to attach to, or include with, his or her affidavit all of the documents that he or she reasonably believes are necessary to respond to the movant's allegation(s). This court-supervised response to the movant's allegation(s) must be filed with the court on or before April 16, 2012. The clerk's office is directed to provide a copy of this order to the movant's former counsel.[2] After defense counsel complies with the court's directives, the

---

[2] The American Bar Association provides guidance as to when an attorney may reveal information that relates to the representation of a client who alleges ineffective
(continued…)

clerk's office is directed to serve both parties with a copy of the documents that defense counsel files.

Where former counsel cooperates by reviewing his or her files, by providing information and documents, by preparing an affidavit and/or by testifying during an evidentiary hearing, the court deems it appropriate to pay him or her under the Criminal Justice Act, 18 U.S.C. § 3006A. After providing the requisite services, counsel may submit a supplemental CJA 20 voucher. Absent exceptional circumstances or an extraordinary reason for doing so, counsel's claim for services should not exceed 10 hours and claim for other expenses should not exceed $250.00.

Lastly, appointment of counsel is based on multiple factors, including the complexity of the case, and, although the court does appoint attorneys in actions that arise

---

[2](…continued)
assistance of counsel. Specifically, the ABA, in relevant part, states:
> [a] lawyer may reveal information relating to the representation of a client to the extent the lawyer reasonably believes necessary [. . .] to respond to allegations in any proceeding concerning the lawyer's representation of the client [or] to comply with other law or a court order.

ABA Model Rules of Prof'l Conduct R. 1.6(b)(5)-(6); *see also* ABA Model Rules of Prof'l Conduct R. 1.6 cmt. 12-15 (addressing disclosures that are adverse to the client). Concerning Model Rule 1.6, counsel is advised to read ABA Formal Opinion 10-456, Disclosure of Information to Prosecutor When Lawyer's Former Client Brings Ineffective Assistance of Counsel Claim. *See* ABA Comm. on Ethics & Prof'l Responsibility, Formal Op. 10-456 (2010). It may be accessed at the following website: http://www.americanbar.org/content/dam/aba/migrated/2011_build/professional_responsibility/ethics_opinion_10_456.authcheckdam.pdf. Alternatively, such opinion may be accessed by visiting the ABA's website and typing into the search feature "10-456". If counsel concludes that he or she cannot comply with this order without violating an attorney-client privilege or if counsel concludes that he or she cannot reasonably determine the scope of the waiver of the attorney-client privilege, counsel is directed to file a response that specifically states the reasons for his or her conclusion. To comply with this order, counsel must file either an affidavit, a response or, if appropriate, a combination of the two by the required date.

under 28 U.S.C. § 2255, it is not required to appoint an attorney. *See Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996) (setting forth factors to be considered for appointment of counsel in civil case); *Abdullah v. Gunter*, 949 F.2d 1032, 1035 (8th Cir. 1991) (same); *Wiggins v. Sargent*, 753 F.2d 663, 668 (8th Cir. 1985) (stating an indigent litigant enjoys neither a statutory nor a constitutional right to have counsel appointed in a civil case); *Day v. United States*, 428 F.2d 1193, 1195 (8th Cir. 1970) ("The Sixth Amendment does not extend to persons seeking post conviction relief." (citing *Baker v. United States*, 334 F.2d 444, 447 (8th Cir. 1964))).  Here, the record establishes that the movant elected to go to trial, a jury convicted him, the court granted the movant a new trial, a jury convicted him of two out of the four counts contained in the superseding indictment during his second trial, the court sentenced the movant to 262 months imprisonment, the movant challenged on direct appeal the sufficiency of the evidence, the prosecutor's characterization of a witness and the court's admission of a tape recording, the Eighth Circuit Court of Appeals affirmed the movant's conviction and the court subsequently denied the movant's motion for a new trial based on newly discovered evidence.  It also establishes that defense counsel fully litigated relevant issues during trial, at the time of sentencing, on direct appeal and that, after the Supreme Court denied a writ of certiorari, the movant litigated issues that are related to his current claims.  In light of the exhaustive record that already exists and the fact that the claims asserted by the movant are straightforward and lack complexity, the court concludes that appointment of counsel is not warranted.  There is no reason to appoint counsel because the likelihood that the movant will prevail on any of his ineffective assistance of counsel claims is remote, especially considering that the movant

does very little to explain how counsel's conduct prejudiced his defense. Accordingly, the movant's motion to appoint counsel (docket no. 5) is denied.

**IT IS SO ORDERED**.

**DATED** this 15th day of March, 2012.

_____
LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA